IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN SOWELL-ALBERTSON,

        Plaintiff,

vs.                                       CIVIL NO.  04-760 RB/LFG

THOMAS & BETTS CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO CONTINUE
DEADLINE FOR REBUTTAL EXPERT REPORT**

THIS MATTER is before the Court on Plaintiff Shawn Sowell-Albertson's ("Sowell-Albertson") Expedited Motion to Continue Deadline for Submittal of Her Rebuttal Expert Report [Doc. 51]. The Court considered the motion and response in opposition [Doc. 56]. No reply was filed. The time for filing a reply has expired. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

**Background**

At the Fed. R. Civ. P. 16 scheduling conference conducted October 15, 2004, the Court established a case management plan intended to bring this case to completion within a target date as specified by the district's Civil Justice Expense and Delay Reduction. The deadlines were imposed as part of the Court's case management responsibilities under the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, and the Civil Justice Expense and Delay Reduction Plan promulgated under the CJRA.

A review of the CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--the just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

Pub. L. 101-650, S. Rep. No. 101-416, at 1 (1990), *reprinted in* 1990 U.S.C.C.A.N., 6804.

The CJRA sought to address and alleviate the dual problems of cost and delay in federal civil litigation. Judicial case management was included in this legislation as an integral step in eliminating delay. *See* Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 171-72, 110 S.Ct. 482 (1989)("One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation"). Indeed, studies on court delay conducted by the Federal Judicial Center show that courts with the least amount of delay characteristically keep stricter control over cases by the precise scheduling of cutoff dates and other deadlines. The federal study concludes, "[A] court can handle its case load rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion." Steve Flanders, Case Management and Court Management in the United States District Courts 17 (1997).

### Plaintiff's Motion to Continue Deadline

Pursuant to the case management plan imposed by the Court, parties were required to disclose their expert and produce Fed. R. Civ. P. 26 expert reports on specific dates. Extensions for experts reports and rebuttal report were granted [Docs. 36 & 37]. Sowell-Albertson now contends that she should be entitled to an extension of time to submit a rebuttal expert report, contending that Defendant has delayed and precluded the production of discoverable information.

Defendant Thomas & Betts Corporation ("Thomas & Betts") hotly disputes the allegations and contends that, in accord with the Court's case management plan, it timely disclosed its expert and

served its Rule 26 expert report on March 18, 2005, the date it was due. Moreover, after producing its expert report, Thomas & Betts supplemented its document production and provided Sowell-Albertson with other requested documents related to Thomas & Betts' expert witness, including correspondence between counsel and its expert.

Sowell-Albertson has not filed a reply nor has she challenged the factual representations appearing in the response. By virtue of the failure to file a reply, Sowell-Albertson concedes those representations. *See* D.N.M.LR-Civ. 7.1(b).

### **Discussion**

Sowell-Albertson's motion is replete with allegations of obfuscation and delay throughout the course of discovery. She contends that Thomas & Betts refused to provide information about its expert's proposed testimony until the Defendant filed its expert report. Sowell-Albertson also complains that documents needed for depositions were not provided until shortly before her counsel departed for South Carolina to take two depositions and thus had insufficient time to review "stacks of documents" produced the day before the deposition.

Thomas & Betts challenge Sowell-Albertson's characterization of the discovery process asserting that it is "preposterous" and that Thomas & Betts never refused to provide records as Sowell-Albertson contends. Thomas & Betts asserts that it timely complied with its discovery obligations, provided information which it was not required to provide, and referred to correspondence that supports its position that Thomas & Betts complied with discovery obligations.

A review of the pleadings and correspondence indicates that the parties disagreed as to which party should bear the responsibility of costs in producing electronic discovery requested by Sowell-Albertson. Even though there was a dispute, Thomas & Betts produced the information reserving

a right to request reimbursement for costs. *See, e.g.*, declaration of Jerry Saperstein for costs that would be incurred.

Based on the information provided in the motion and response, the Court observes that Thomas & Betts produced over 3,000 documents in response to four separate Requests for Production and has supplemented its disclosures as required by the rules. In an instance when certain documents were not previously produced (because they had not been discovered), they were produced within one day of their discovery. The pleadings demonstrate that Sowell-Albertson's requests have been broad in scope and, notwithstanding the extent and breadth of information requested, Thomas & Betts has provided the requested information.

In addition, Thomas & Betts was not required to produce information concerning its expert testimony prior to the Court-imposed deadline to identify experts and produce expert reports. Indeed, a party may not circumvent the case management plan by requesting "early discovery" of expert opinions and the basis for the opinions when the Court already imposed deadlines for that disclosure.

## **Conclusion**

In this case, the pleadings fail to support Sowell-Albertson's claims that Thomas & Betts obstructed the discovery process. Moreover, the Court finds no basis to grant Sowell-Albertson an extension of time to submit rebuttal expert reports. The parties were required to comply with expert disclosures within specific time periods. If they have failed to comply within the time frames established by the Court, it is now too late to do so.

The Court will allow utilization of expert reports that were timely provided in accord with the Court's case management plan. The Court declines the request to continue expert deadlines, and

further determines that the parties may not now use expert reports or provide expert testimony unless they were provided within the time frames required by the case management plan.

    IT IS THEREFORE ORDERED that Sowell-Albertson's motion [doc. 51] is DENIED.

                                           */s/ Lorenzo F. Garcia*
                                           Lorenzo F. Garcia
                                           Chief United States Magistrate Judge